**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ROKFORM LLC, a Delaware company; <br><br> ROKFORM IP LLC, a California company, <br><br> Plaintiffs, <br><br> v. <br><br><br> SHENZHEN RUIXIN DIGITAL TECHNOLOGY CO., LTD., a Chinese entity; <br><br> SHANGHAI KUKE NETWORK TECHNOLOGY CO., LTD., a Chinese entity, <br><br><br> Defendants. | <br><br><br><br><br> CIVIL ACTION NO. 2:26-cv-00050 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Rokform LLC and Rokform IP LLC (collectively, "Rokform") hereby complain of Defendants Shenzhen Ruixin Digital Technology Co., Ltd. d/b/a CASEKOO and Shanghai Kuke Network Technology Co., Ltd. d/b/a CASEKOO US (collectively referred to in this complaint as the "CASEKOO Defendants") and allege as follows:

## PARTIES

1.    Rokform LLC is a Delaware company with a principal place of business at 16180 Scientific Way, Irvine, CA 92618.

2.    Rokform IP LLC is a California company with a principal place of business at 16180 Scientific Way, Irvine, CA 92618.

3.    Rokform IP LLC is the owner of U.S. Patent No. 11,775,019 (the "Asserted Patent"). Rokform LLC holds exclusive rights under the Asserted Patent, including the right to practice the inventions claimed in the Asserted Patent within at least the United States and the right to sue for infringement and collect damages, including past damages.

4.    On information and belief, Shenzhen Ruixin Digital Technology Co., Ltd.  is a Chinese entity with a principal place of business at RM 1807, BLK C, Zhantao Technology BLDG, Minzhi Avenue, Minzhi ST, Longhua DIST, Shenzhen, China.  On information and belief, Shanghai Kuke Network Technology Co., Ltd. is a Chinese entity with a principal place of business at 虹口区广灵四路855弄1号703, 上海市, 虹口区, 上海市, 200083, CN.   On information and belief, the translation for this address is Room 703, No. 1, Lane 855, Guangling 4th Road, Hongkou District, Shanghai, 200083, CN.

## JURISDICTION AND VENUE

5.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. The Court has subject matter jurisdiction over this matter pursuant

COMPLAINT

to 28 U.S.C. §§ 1331 and 1338(a).

6.    The CASEKOO Defendants are subject to personal jurisdiction in the State of Texas and this District because they are doing, and, on information and belief, have done, substantial business in this District, including business relating to the sale and distribution of the Accused Products, as defined below. On information and belief, the CASEKOO Defendants have continuous and systematic business contacts with the State of Texas and directly, or through intermediaries such as distributors, conduct business in Texas by shipping, distributing, offering for sale, selling, and advertising (including the provision of an interactive web page, *see, e.g.*, https://casekoo.com) the Accused Products in the State of Texas and this District. The interactive web page can be accessed in the State of Texas and this District, and it expressly offers products for sale to customers in the United States and expressly offers free shipping to customers in the United States. The CASEKOO Defendants, directly, or through intermediaries such as distributors, have also purposefully and voluntarily placed the Accused Products into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in this District. Therefore, the exercise of jurisdiction over the CASEKOO Defendants is appropriate under the applicable jurisdictional statutes consistent with traditional notions of fair play and substantial justice.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because the CASEKOO Defendants are foreign entities and are not resident in the United States.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### *History of Rokform*

8.    Rokform LLC is a pioneer in the design, development, and distribution of innovative and high-quality handheld electronic device accessories, including phone cases. Rokform LLC

COMPLAINT

offers a range of products to protect handheld electronic devices and allow hands-free use of such devices at home, in the car, on a bicycle, on a motorcycle, and in other settings. Rokform LLC was founded in 2010 and has since established itself as one of the leading brands in the handheld electronic device accessory market.

9. Rokform LLC's products, including its renowned rugged magnetic phone cases, and its high-quality magnetic mounting technology, are meticulously engineered to provide superior protection, versatility, and convenience.

10. Rokform LLC has been praised for its groundbreaking advancements in handheld electronic device technology. For example, Rokform LLC has received awards for its technology, including from the Consumer Electronics Show ("CES"). As another example, Rokform LLC's products have been featured as a top phone case by well-known media outlets, such as CNET, Tom's Guide, GearLab, Android Authority, digitaltrends.com, Digital Camera World, Apple Insider, Android Central, Best Products, Bicycling.com, Road and Track, and SlashGear. These innovations have solidified Rokform LLC's reputation as an industry leader. Rokform LLC's products have also been featured in numerous media outlets, including Car and Driver, Buzzfeed, Android Police, Gear Junkie, Golf.com, Adventure Rider, and Esquire.

11. Rokform IP LLC is the assignee of U.S. Patent No. 11,775,019 (the "'019 Patent"), entitled "CASE AND MOUNT SYSTEM FOR HANDHELD ELECTRONIC DEVICE," which issued on October 3, 2023 naming as inventors Jeff Whitten, Bernhard Leitner, and Craig Erion.

12. Rokform has satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '019 Patent, and Rokform is entitled to damages for the CASEKOO Defendants' past infringement.

*Infringement by CASEKOO*

13. The CASEKOO Defendants offer for sale and sell in the United States, for example,

3

COMPLAINT

on its website and online marketplaces, such as Amazon.com, products that infringe the '019 Patent. The website and online marketplaces are accessible in the United States, including from this District. On information and belief, Shenzhen Ruixin Digital Technology Co., Ltd. manufactures the Accused Products in China and imports them into the United States. For example, Shenzhen Ruixin Digital Technology Co., Ltd. appears on the box for the Accused Products. The Accused Products include the CASEKOO Magic Stand Product Line and the CASEKOO Magic Stand Pro Product Line (i.e., https://casekoo.com/collections/magic-stand-cases; https://casekoo.com/collections/x-line; https://casekoo.com/collections/samsung). On information and belief, Shanghai Kuke Network Technology Co., Ltd. sells the Accused Products on Amazon.com under the name "SHANGHAI KU KE WANG LUO KE JI YOU XIAN GONG SI," which appears as the seller for the Accused Products sold in the Amazon CASEKOO Store. https://www.amazon.com/sp?ie=UTF8&seller=A2WI2R6H3U1YSA&asin=B0DRXJ3K4T&ref _=dp_merchant_link&isAmazonFulfilled=1. The listings for the Accused Products state that the products are sold by CASEKOO US. https://www.amazon.com/CASEKOO-iPhone-17-Pro-Case/dp/B0FC6N3SHJ/ref=sr_1_1_sspa?crid=FRGEMDIP72U7&dib=eyJ2IjoiMSJ9.drUK22X1 S2QvR1KaSXa0injXRtB_40mjnyDIfWkRu7IvZ_viWwwBDJ7WdCjOGRlgL3G-E8SUt-UuU1Cwvv2okH35sAY2Ynu9VqBwISzoYASF3_TSJ2pTuQOvmULcMY7q8sGDMK3EFxFZ x8HvJmw9gAfS67oG-my_Z0n7EDNf1KSLZObl4JOiH28bhRP1CIzU-4fTYyXaWAef6Y__UY6vlhtJIEu0f4W6wSZ4KkPo5d8.EQ8DLMXNRGsDGK34l1QVvCBXV meEXSBAJWBZIF4K4Ng&dib_tag=se&keywords=casekoo&qid=1768948655&sprefix=casek o%2Caps%2C225&sr=8-1-spons&sp_csd=d2lkZ2V0TmFtZT1zcF9hdGY&th=1. SHANGHAI KU KE WANG LUO KE JI YOU XIAN GONG SI is the pinyin romanization of the Chinese characters for Shanghai Kuke Network Technology Co., Ltd. On information and belief, the

CASEKOO Defendants are affiliates of one another.

14.  On information and belief, the CASEKOO Defendants are also affiliates of Shenzhen Torras Technology Co., Ltd. and Shenzhen Lechuang Tiancheng Technology Co., Ltd. For example, Shenzhen Ruixin Digital Technology Co., Ltd. and Shenzhen Torras Technology Co., Ltd. share a common principal place of business, given that Shenzhen Torras Technology Co., Ltd. lists its address on its product packaging as RM 1215 BLK C, Zhantao Technology BLDG, Minzhi Avenue, Minzhi ST, Longhua DIST, Shenzhen CN. Shenzhen Torras Technology Co., Ltd. and Shenzhen Lechuang Tiancheng Technology Co., Ltd. both use the Torras mark in marketing its products. On information and belief, Shenzhen Lanhe Technologies Co., Ltd. is the parent entity to the CASEKOO Defendants, Shenzhen Torras Technology Co., Ltd. and Shenzhen Lechuang Tiancheng Technology Co., Ltd.  On information and belief, Shenzhen Lanhe Technologies Co., Ltd. has represented to the public that Casekoo and Torras are its brands.

## <u>COUNT I</u>

### <u>(Infringement of the '019 Patent)</u>

15.  Rokform incorporates by reference all previous allegations as though set forth fully herein.

16.  The CASEKOO Defendants have infringed, and continue to infringe, one or more claims of the '019 Patent, including at least claim 9, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by importing, using, offering to sell, and selling each phone case in their CASEKOO Magic Stand Product Line and Magic Stand Pro Product Line. The CASEKOO Defendants sell each phone case in their CASEKOO Magic Stand Product Line and Magic Stand Pro Product Line on their website (i.e., https://casekoo.com) and through online marketplaces, such as Amazon.com.

COMPLAINT

17.    The CASEKOO Defendants, after receiving notice of this action and knowing that their products infringe the '019 Patent, including at least claim 9, and with the specific intent for others to infringe the '019 Patent, have knowingly continued to, and currently, actively induce infringement of one or more claims of the '019 Patent under 35 U.S.C. § 271(b) both literally and/or under the doctrine of equivalents by, among other things, actively inducing others, including their customers, to infringe the '019 Patent.  On information and belief, with the knowledge of the '019 Patent provided after receiving notice of this action, the CASEKOO Defendants accomplish such inducement by continuing to direct and/or instruct others to use and/or operate cases that infringe at least claim 9 of the '019 Patent, including their CASEKOO Magic Stand Product Line and Magic Stand Pro Product Line.  Rokform's allegations for induced infringement are limited to conduct occurring after the date of the filing of this action.

18.    For example, each of the CASEKOO Defendants' Magic Stand cases, such as the Matte Magic Stand iPhone 15 Pro case (illustrated below), is a case configured to be selectively connectable to the handheld electronic device and retain the electronic device within an interior space of the case in use, the case comprising a rear wall that is configured to be positioned along a rear surface of the electronic device in use and a sidewall extending from the rear wall and being configured to be positioned adjacent at least a portion of a top, bottom, left and right sides of the electronic device in use, wherein the rear wall and the sidewall are a unitary structure. As further illustrated below, the CASEKOO Defendants' Matte Magic Stand iPhone 15 Pro case includes an exterior-facing member configured to be removably received in the rear wall of the case, the exterior facing member having an indentation and at least one magnet received within the indentation, the indentation facing the rear wall of the case, wherein the rear wall of the case and the exterior facing member fully enclose the at least one magnet.

COMPLAINT



The CASEKOO Defendants' Magic Stand cases include products with the following Amazon Standard Identification Numbers (ASINs):

B0FC6TJ6TR; B0D5YGTS2L; B0D5YK3PJ6; B0C9SPZJ4S; B0FC6TNXLD; B0FC6V7C8D; B0D5YL16JZ; B0FC6VY3XJ; B0FC6TQCZB; B0D5YJXNV3.

19.    As another example, each of the CASEKOO Defendants' Magic Stand Pro cases, such as the Matte Magic Stand Pro iPhone 17 Pro case (illustrated below), is a case configured to be selectively connectable to the handheld electronic device and retain the electronic device within an interior space of the case in use, the case comprising a rear wall that is configured to be positioned along a rear surface of the electronic device in use and a sidewall extending from the rear wall and being configured to be positioned adjacent at least a portion of a top, bottom, left and right sides of the electronic device in use, wherein the rear wall and the sidewall are a unitary structure. As further illustrated below, the CASEKOO Defendants' Matte Magic Stand Pro iPhone 17 Pro case includes an exterior-facing member configured to be removably received in the rear wall of the case, the exterior facing member having an indentation and at least one magnet received within the indentation, the indentation facing the rear wall of the case, wherein the rear wall of the case and the exterior facing member fully enclose the at least one magnet.

7

COMPLAINT



The CASEKOO Defendants' Magic Stand Pro cases include products with the following ASINs: B0FBX78GKW; B0D5QRGD5V; B0FWBTCBJM; B0DRXJ3K4T; B0FBX92D98; B0FC6N3SHJ; B0FBX57YS9; B0D5QT4JV5; B0FBX7NH6V; B0D5QVV12L.

20.    The CASEKOO Defendants' infringing acts are without license or authorization from Rokform.

21.    The CASEKOO Defendants have had notice of its infringement of the '019 Patent since at least the filing of this action.

22.    The CASEKOO Defendants' acts of infringement of the '019 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '019 Patent.  On information and belief, the CASEKOO Defendants have acted, and are continuing to act, despite an objectively high likelihood that their actions constituted direct infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon the CASEKOO Defendants. Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for the CASEKOO Defendants' infringing acts. The CASEKOO Defendants' acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

COMPLAINT

23.    As a direct and proximate result of the CASEKOO Defendants' infringement of the '019 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law. Unless the CASEKOO Defendants are permanently enjoined from further infringement of the '019 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Rokform respectfully requests that the Court enter judgment:

A.  That the CASEKOO Defendants have infringed, and continue to infringe, the Asserted Patent both literally and/or under the doctrine of equivalents;

B.  That the CASEKOO Defendants have induced, and continue to induce, infringement of the Asserted Patent since receiving notice of this action;

C.  That the CASEKOO Defendants have willfully infringed, and continue to willfully infringe, the Asserted Patent;

D.  That the Asserted Patent is valid and enforceable;

E.  That the CASEKOO Defendants, their officers, agents, and employees, and those persons in active concert of participation with any of them, and their successors and assigns be preliminary and permanently enjoined from infringement of the Asserted Patent, including but not limited to an injunction against making, using, offering to sell, and selling within the United States, and importing into the United States, products covered by the Asserted Patent;

F.  For an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

9

COMPLAINT

G.  That the CASEKOO Defendants be ordered to account for, and pay to, Rokform the damages resulting from the CASEKOO Defendants' infringement of the Asserted Patent, including lost profits, together with interests and costs, and all other damages permitted by 35 U.S.C. 284, including enhanced damages up to three times the amount of damages found or measured, but in any event no less than a reasonable royalty;

H.  That this action be adjudged an exceptional case and Rokform be awarded its attorneys' fees, expenses, and costs in this action pursuant to 35 U.S.C. § 285; and

I.  That Rokform be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Rokform hereby demands a trial by jury as to all triable issues.

COMPLAINT

Dated: January 22, 2026        FRIEDLAND CIANFRANI LLP

/s/ *Jennifer P. Ainsworth*

Joseph S. Cianfrani (SBN 196,186)
joe.cianfrani@fciplaw.com
David G. Kim (SBN 307,821)
david.kim@fciplaw.com
Michael K. Friedland (SBN 157,217)
michael.friedland@fciplaw.com
Nicole R. Townes (SBN 272,342)
nicole.townes@fciplaw.com
Steven N. Friedland (SBN 340,006)
steven.friedland@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Ste. 925
Irvine, CA 92614
949-734-4900

*Attorneys for Plaintiffs*
*Rokform LLC and Rokform IP LLC*

Jennifer P. Ainsworth (Bar Card Number: 00784720)
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & VANDEVENTER, P.C.
909 ESE Loop 323, Ste. 400
Tyler, Texas 75701
903-509-5000

*Attorneys for Plaintiffs*
*Rokform LLC and Rokform IP LLC*

COMPLAINT